OPINION OF THE COURT
Edward H. Lehner, J.
Defendant third-party plaintiff moves for summary judgment on his causes of action for first-party no-fault insurance benefits and for counsel fees against the third-party defendant Motor Vehicle Accident Indemnification Corporation (MVAIC).
In this action, plaintiff hospital sues defendant for hospital charges of over $78,000 in excess of defendant’s Blue Cross/Blue Shield coverage. Defendant was seriously injured in 1978 when, as a pedestrian, he was hit by a United States Post-Office jeep and hospitalized for over nine months.
In his novel cross action defendant maintains that third-party defendant MVAIC is liable for his unpaid hospital expenses and counsel fees. Defendant theorizes that defendant is a qualified person pursuant to sections 621-a and *363 601 (subd b, par [1]) of the Insurance Law and that the post-office vehicle is an uninsured vehicle within the meaning of the Insurance Law. Under the insurance laws of New York, United States Government-owned vehicles are exempt from need to provide proof of financial responsibility by section 321 of the Vehicle and Traffic Law. Therefore, defendant reasons they fit within the category of uninsured motorists defined as “financially irresponsible” (Insurance Law, § 671, subd 9, par [a]; § 601, subd j). In April, 1979, MVAIC refused, after receiving defendant’s notice of claim, to pay such -benefits to defendant.
Defendant also disputes the amounts of plaintiff’s hospital charges. If New York no-fault coverage is held applicable, defendant believes that the lower rates provided by section 678 of article 18 of the Insurance Law serve to limit plaintiff’s charges.
Defendant has presently pending in the United States District Court for the Southern District of New York an action against the United States Postal Service, pursuant to the Federal Tort Claims Act (60 US Stat 812, tit 4) for general and special damages that include plaintiff’s hospital claims.
The Legislature of the State of New York added no-fault benefits to compulsory automobile liability insurance in order to eliminate situations where injured people were unable to prove fault or recover against the owner/operator of the offending vehicle. The gaps intended to be covered by the new statute include situations enumerated in subdivision (2) of section 600 of the Insurance Law (Declaration of purpose) such as where (1) an uninsured vehicle comes from out of State, (2) the vehicle is unidentified and leaves the scene of the accident, (3) the vehicle’s insurance policy has lapsed, (4) stolen vehicles, (5) vehicles operated without the permission of the owner, (6) vehicles where coverage is disclaimed or (7) where the vehicle is unregistered. The law’s purpose was to provide relief to innocent victims unable to recover against these types of tort-feasors and to further distribute the risk of loss amongst insurance companies, municipalities, governmental agencies and other entities capable of self-insurance.
*364 Clearly the situation posed by the instant third-party complaint does not fit within the situations enumerated in section 600 of the Insurance Law. The approach taken by defendant third-party plaintiff in seeking relief against third-party defendant MVAIC flies in the face of the intention of “no-faült” law in that defendant has the avenue of an action against the offender wherein full compensation for pain, suffering and all items of special damages may be had.
Where, as here, defendant third-party plaintiff has a viable cause of action under the Federal. Tort Claims Act for general and speciaLdamages, it appears to this court that permitting him to have relief agáinst MVAIC for no-fault bénefits is unwarranted.
Defendant has the opportunity to recover all the compensation sought in the instant litigation in the pending Federal action.
Accordingly, defendant’s motion for summary judgment is denied and after searching the record, this court grants summary judgment to MVAIC on the third-party action.